UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Segundo Manuel Alvarez Caizan</u>

v.   Civil No. 1:25-cv-382-SE

<u>Andrew Ackely, et al.</u>,

O R D E R

Segundo Manuel Alvarez Caizan petitions this court under 28 U.S.C. § 2241 for an order directing an immigration judge (IJ) to grant him a bond hearing. For the reasons stated below, the court concludes that Alvarez is entitled to such relief.[1]

Background

Alvarez was born in Ecuador and entered the United States in 2010. Prior to his recent detention, he lived in Lowell, Massachusetts, where he and his family are rooted in the community. It appears that Alvarez did not interact with immigration authorities at any juncture during his fifteen years in the United States prior to September 2025.

U.S. Immigration & Customs Enforcement encountered Alvarez on September 7, 2025, in Lowell and "administratively arrested [him] as it was determined that he was in violation of United States immigration laws." Doc. no. 10-1, ¶ 9. On September 8, the day after Alvarez's arrest, ICE issued him a standard Form I-200, Warrant for Arrest of Alien. That same day, ICE served Alvarez a Form I-862, Notice to Appear (NTA) "charging him as an alien present without

---

[1] Mindful of the separation of powers, the court requests, but does not order, the Immigration Judge to consider the merits of Alvarez's request for release under 8 U.S.C. § 1226(a), based on the due process considerations noted above.

admission or parole who is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I)."[2]

The warrant served on Alvarez states that it was served on the date of his arrest, September 7, 2025, in Burlington, Massachusetts. Doc. no. 10-2. The certificate of service on the warrant is signed by an ICE agent (number 5267) and attests that the contents of the warrant were read to Alvarez in Spanish at the time of service.

At some point after his arrest, Alvarez sought a custody redetermination before an IJ. On September 25, 2025, the IJ concluded that Alvarez was "statutorily ineligible for IJ custody redetermination," but noted that if she had jurisdiction to grant Alvarez's request for bond, she would find "that $4500 bond would be appropriate to ameliorate any flight risk." Doc. no. 5-1 at 2. There was no evidence before the IJ "to support a finding on danger." Id. The IJ, in concluding that she lacked jurisdiction to hear Alvarez's request for bond, cited three cases. Id. (citing M-S, 27 I. & N. Dec. 509 (A.G. 2019); Matter of Q. Li, 29 I. & N. Dec. 66 (BIA 2025); Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025)).

Alvarez spent the first ten days of his detention at Strafford County House of Corrections in Dover, New Hampshire. On September 17, 2025, ICE transferred Alvarez to the Federal Correctional Institution in Berlin, New Hampshire. To the court's knowledge, Alvarez remains detained at FCI Berlin.

---

[2] The NTA is not in the record before the court, but the court takes ICE at its word that it charged Alvarez as inadmissible on the bases listed above. Standard form NTAs include an additional ground for charging a noncitizen as inadmissible—that they are an "arriving alien." Apparently, Alvarez was not charged as such.

2

Discussion

Alvarez seeks a bond hearing before an IJ, arguing that he is detained pursuant to 8 U.S.C. § 1226(a). The government maintains that Alvarez "is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)," and that Alvarez is "mistaken" that he is detained under § 1226(a). Based on the specific facts of this case, the government is wrong.

Alvarez's warrant expressly authorizes his arrest "pursuant to sections 236 and 287 of the Immigration and Nationality Act." Those sections of the INA are codified at 8 U.S.C. § 1226 and § 1357, respectively. When an immigration agent read Alvarez's I-200 warrant to him in Spanish, Alvarez received notice that the government had chosen to detain him pursuant to § 1226 (section 236 of the INA).[3] The face of Alvarez's arrest warrant establishes that he is detained under the discretionary framework laid out 1226(a), which permits that he may be released on "bond of at least $1,500 . . . or conditional parole." § 1226(a)(2)(A)(B).[4]

Thus, the government chose to execute a warrant under § 1226 when it arrested Alvarez, and it may not arbitrarily reverse course by denying him a bond hearing on the false premise that he is detained under § 1225. The court thus concludes, under the specific circumstances of this case, that the IJ erred in finding herself without jurisdiction to grant bond.

The respondents are therefore ordered to bring Alvarez before the IJ as soon as practicable so that the IJ may exercise her jurisdiction and order Alvarez released on bond,

---

[3] This approach is consistent with the government's longstanding detention policy of applying § 1226(a) to noncitizens without documentation already present in the United States. See Carlos Augusto Chang Barrios, v. Craig Shepley, et al., No. 1:25-CV-00406-JAW, 2025 WL 2772579, at *9 (D. Me. Sept. 29, 2025).

[4] Alvarez has a negligible criminal history that would not suffice to trigger mandatory detention under § 1226(c).

3

having already found bond at $4,500 sufficient to ameliorate any flight risk.

November 21, 2025                                     _____
                                                                          Samantha D. Elliott
                                                                          Chief Judge


cc:     Counsel of Record